UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60791-BLOOM/Valle

DEBRA PERKINS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United States of America's ("Defendant") Motion to Dismiss, ECF No. [39] (the "Motion"). Defendant requests dismissal pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction, or alternatively, pursuant to Rule 56(c) for summary judgment. The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.[1]

**I. BACKGROUND**

Plaintiff Debra Perkins ("Perkins") lives at 455 N.W. 30th Terrace, Ft. Lauderdale, Florida, where she has lived for over 30 years. ECF No. [39] at 3 ¶ 4. The front portion of Perkins' residence has a ground-level porch area. *Id.* From the porch, there is single step up to the front door to access the residence. *Id.*

Reynard Stevens ("Stevens") worked as a "mail carrier assistant" for the United States Postal Service ("Defendant"). *Id.* at 4 ¶ 5. Defendant advises the Court that pursuant to USPS

---

[1] Defendant's Motion to Dismiss is denied for the same reasons as Defendant's Motion for Summary Judgment, as set forth below.

policy, "carriers are to leave packages at residence in a location that the customers do not step out and hurt themselves." ECF No. [39] at 5 ¶ 10. Stevens attended USPS "academy training" for mail carriers, where he received further instruction regarding placement of packages. *See* ECF No. [39-2] at 11:4–13. Specifically, Stevens was trained to always place packages behind the door rather than in the doorway so that people do not fall on them. *Id.*

On April 23, 2013, Stevens delivered a package to Perkins at her residence. *Id.* at 5 ¶ 7. Stevens placed the package on Perkins' front porch away from the opening area of the door. *Id.* Later that same day, upon exiting her residence, Perkins stepped out of the front door and tripped on the package. *Id.* at ¶¶ 8–9; ECF No. [47] at 2 ¶ 4.

In this lawsuit, Perkins has sued Defendant for negligence under the Federal Tort Claims Act ("FTCA") alleging that Defendant breached its duty to have packages placed in a reasonably safe manner, causing her to slip on the package and sustain injuries. *See* ECF No. [1]. Defendant has moved to dismiss the Complaint and, in the alternative, for summary judgment, on the basis that the USPS mail carrier's decision of whether or not to leave a package and/or where to place it at a residence, is encompassed within the discretionary function exception to the FTCA (28 U.S.C §2680(a)). *See* ECF No. [39] at 2. Both Perkins and Defendant filed a timely Response and Reply respectively. *See* ECF Nos. [47] and [54]. This Motion is now ripe for adjudication.

## II. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P.

56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247–48). The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party

neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence in the record supports the uncontroverted material facts that the movant has proposed. *See Reese v. Herbert*, 527 F.3d 1253, 1268–69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### III. DISCUSSION

"The United States is immune from suit unless it consents to be sued." *Cranford v. United States*, 466 F.3d 955, 957–58 (11th Cir. 2006) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA waives the sovereign immunity of the United States for claims brought against it

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). This waiver of immunity, however, is qualified by several exceptions. *See* 28 U.S.C. § 2680. At issue here is the "discretionary function" exception, which precludes government liability for

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines )*, 467 U.S. 797, 808 (1984). The

purpose of the exception is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Autery*, 992 F.2d 1523, 1526 (11th Cir. 1993) (internal quotations omitted); *Powers v. United States*, 996 F.2d 1121, 1125 (11th Cir. 1993).

The Supreme Court has set forth a two-part test for determining whether the government's conduct falls within the discretionary function exception. *See Gaubert*, 499 U.S. 315, 322–23 (1991). First, the court is to consider the nature of the government employee's conduct and determine whether it involves "an element of judgment or choice." *Id.* at 322; *Cranford*, 466 F.3d at 958; *Downs v. United States Army Corps of Engineers*, 333 Fed. Appx. 403, 407 (11th Cir. 2009). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation or policy specifically prescribes a course of action for an employee to follow,' because 'the employee had no rightful option but to adhere to the directive.'" *Autery*, 992 F.2d at 1526 (quoting *Gaubert*, 499 U.S. at 322). Stated another way, "'if a government official in performing his statutory duties must act without reliance upon a fixed or readily ascertainable standard, the decision he makes is discretionary and within the discretionary function exception.'" *Powers*, 996 F.2d at 1124 (quoting *Alabama Elec. Cooperative, Inc. v. United States*, 769 F.2d 1523, 1529 (11th Cir. 1985)). Nevertheless, courts must be mindful that because nearly all decisions require some element of discretion, the exception does not swallow the rule. *See Gray v. Bell*, 712 F.2d 490, 508 (D.C. Cir. 1983).

Here, the Defendant advises the Court that "[p]ursuant to USPS policy (currently in force as well as that which was applicable in April 2013) carriers are to leave packages at residences in a location that the customers do not step out and hurt themselves." *See* ECF No. [39] at 5 ¶ 10. Additionally, Stevens testified in his deposition that he was trained by USPS to always place

packages behind the door rather than in the doorway so that people do not fall on them. *See* ECF No. ECF No. [39-2] at 11:4–13.

Defendant contends that "no USPS policy regarding package placement of residential mail required USPS carriers to use any particular procedure or direct the manner of such delivery (e.g. package placement in front or behind the door)." ECF No. [54] at 1. Acknowledging that Stevens has testified he was trained to place packages behind the door, Defendant appears to argue that USPS's training of its mail carriers does not amount to USPS policy. The Court is not persuaded.

In *Sakal v. United States*, plaintiff slipped and fell on a boat ramp at Everglades National Park (the "Park"). 2010 WL 3782138, at *1 (S.D. Fla. Sept. 28, 2010). Plaintiff sued the Government pursuant to the FTCA, alleging that it failed to maintain the subject premises in a safe condition by allowing water, debris, seaweed, moss, and algae to accumulate. *Id.* The Government moved to dismiss the complaint for lack of subject matter jurisdiction, contending that the Park's employees' decisions as to how to maintain the ramp are discretionary and the sort of policy decisions Congress intended to shield with sovereign immunity. *Id.* In determining what constituted the Park's policy, the Court considered the Park's (1) written and unwritten policies requiring employees to identify, report, and mitigate hazardous conditions; and (2) unwritten policy and practice of employees to visually inspect the ramp on a daily basis and walk across it to determine whether it felt slippery and needed cleaning. *Id.* at *3. The Court concluded that "the Park's written and unwritten policies provided a fixed, readily ascertainable mandate to visually inspect and maintain the Ramp, and thus the government's conduct was not discretionary." *Id.*

As in *Sakal*, this Court considers USPS's official policy and the unwritten policy and practice of employees, to assess the standard that USPS provided for employees to follow. USPS's training of its carriers to place packages behind the door, together with its official policy that carriers are to leave packages in a location that the customers do not step out and hurt themselves, "provided a fixed readily ascertainable mandate" for employees to follow. USPS instructed mail carriers as to where they must specifically place packages (behind the door). As such, the Court finds that Stevens' conduct was not discretionary.

Second, even if Stevens' conduct involved an element of judgment, the discretionary function exception would not apply unless "the challenged actions are the kind of conduct that the discretionary function exception was designed to shield." *Id.* at 1526–27 (internal citations omitted). The Court must determine "whether the challenged actions taken by a government agent 'are susceptible to policy analysis.'" *Powers*, 996 F.2d at 1125 (quoting *Autery*, 992 F.2d at 1531). The inquiry "does not focus either on the subjective intent of the government agent, or on whether the agent actually weighed policy considerations, but 'on the nature of the actions taken and on whether they are susceptible to policy analysis.'" *Cranford*, 466 F.3d at 958. Exempt decisions are those fraught with public policy considerations and involve situations where judicial review "would encroach upon the type of balancing done by an agency." *O'Toole v. United States*, 295 F.3d 1029, 1033–34 (9th Cir. 2002).

Defendant states that a carrier's decision of where to place a package for delivery is "based on operational, safety, staff, and budgetary concerns." ECF No. [39] at 2. Defendant does not provide any guidance to the Court regarding how those concerns are implicated in such a decision.

The *Sakal* Court concluded that decisions with regard to the maintenance of the ramp are not susceptible to policy analysis. 2010 WL 3782138, at *4. Although safety decisions generally represent an exercise of discretion, the Court found that weighing the risks of any slippery substance on the ramp is not a policy consideration. *Id.* Considerations of what other maintenance functions needed to be performed and the limited human resources available alone is "not an adequate basis for tort immunity." *Id.* Rather, the Court reasoned that "[a]pplication of the discretionary function exception to a garden-variety tort case such as this would seriously threaten to swallow the FTCA whole." *Id.*

Here too, this Court is presented with a garden-variety tort case. This Court is not persuaded that Stevens' conduct in this case is "susceptible to political, economic, or social considerations grounded in regulatory policy." *Id.* As in *Sakal*, USPS's unspecified operational, safety, and budgetary concerns are not an adequate basis for tort immunity, and the decision to place packages behind the door so that people do not fall on them is not such a policy consideration. Therefore, even if "the government's conduct involved an element of judgment or choice, such conduct is not the type that should be shielded from liability under the discretionary function exception." *Id.*

The Court equally rejects the Defendant's claim that summary judgment is appropriate as genuine issues of material fact exist.

## IV.   CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss and, Alternatively, Motion for Summary Judgment, **ECF No. [39]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 6th day of September, 2018.

                                                **BETH BLOOM**
                                                **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record